UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DANIEL FIELD,

                         Plaintiff,

   -against-

METROPOLITAN TRANSPORTATION AUTHORITY,
THE LONG ISLAND RAILROAD COMPANY, in their
individual and official capacities, DILLON KELLY,
BRANDON SCHLOSSER, MARC SEZKER, VINCENT
RUSSO, JENNIFER LUSENA, CHARLES SNYDER, J.
FALCETTA, JOSEPH MCGRANN, AL STIEHLER and
OWEN MONAGHAN,

                         Defendants.

------------------------------------------------------------------------X

**COMPLAINT**

**Demand for Trial by Jury**

ECF Case
Docket No. 20-cv-928

Plaintiff, Daniel Field, by and through the undersigned attorneys, Sim & DePaola, LLP, for his complaint against the Defendants, Metropolitan Transportation Authority, The Long Island Railroad Company, in their individual and official capacities, Dillon Kelly, Brandon Schlosser, Marc Sezker, Vincent Russo, Jennifer Lusena, Charles Snyder, J. Falcetta, Joseph McGrann, Al Stiehler and Owen Monaghan, alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is a civil rights action, in which Plaintiff seeks redress vis-à-vis 42 U.S.C. §§ 1983 and 1988 for the violations of his civil rights protected by the Fourth and Fourteenth Amendments, in addition to violations of the Laws and Constitution of the State of New York.

2. The following claims arise from a January 23, 2019 incident, in which defendants, acting under color of state law, unlawfully stopped, searched, seized, arrested and detained plaintiff without a valid judicially authorized warrant, reasonable suspicion or probable cause to do so.

3. The above referenced acts caused plaintiff to be deprived of his liberty, suffer substantial reputational harm and to sustain significant emotional, psychological and physical injuries.

4. Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as this Court may deem just and proper.

## JURISDICTION

5. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution, under 42 U.S.C. §§ 1983 and 1988 and pursuant to the Laws and Constitution of the State of New York.

6. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of supplemental jurisdiction.

## VENUE

7. Venue is laid within the Southern District of New York in that Defendants, MTA and LIRR, are located within and a substantial part of the events giving rise to the claims occurred within the boundaries of the Southern District. 28 U.S.C. § 1391 (b) and (c).

## PARTIES

8. Plaintiff, Daniel Field ("Mr. Field"), resides in Nassau County, within the State of New York.

9. Defendant, Metropolitan Transportation Authority ("MTA"), is a duly formed Public Benefit Corporation organized under the laws of the State of New York.

10. Defendant, The Long Island Railroad Company ("LIRR"), is a publicly owned subsidiary of defendant, MTA.

11. At all times relevant hereto, Defendants MTA and LIRR, acting through the MTA, LIRR and MTA Police Department ("MTAPD"), were responsible for the policy, practice, supervision, implementation, and conduct of all MTA, LIRR and MTAPD matters and were responsible for the appointment, training, supervision, discipline and retention and conduct of all MTA, LIRR and MTAPD personnel, including conductors, ticket agents, managers, police officers, detectives, and supervisory officers as well as the individually named Defendants herein.

12. In addition, at all times here relevant, Defendants. MTA and LIRR, were responsible for enforcing the rules of the MTA, LIRR and the MTAPD, and for ensuring that all MTA, LIRR and MTAPD personnel obey the laws of the United States and the State of New York.

13. Defendants, Dillon Kelly, Brandon Schlosser, Marc Sezker, Vincent Russo, Jennifer Lusena, Charles Snyder, J. Falcetta, Joseph McGrann, Al Stiehler and Owen Monaghan, were, at all relevant times herein, police officers, detectives, train conductors, transportation managers, department chiefs or supervisors employed by the MTA, LIRR or MTAPD and, as such, were acting in the capacities of agents, servants and employees of the MTA or LIRR. Defendants were, at all relevant times herein, believed to be assigned to the MTAPD or LIRR. Defendants Dillon Kelly, Brandon Schlosser, Marc Sezker, Vincent Russo, Jennifer Lucena, Charles Snyder, J. Falcetta, Joseph McGrann, Al Stielhler and Owen Monaghan, are being sued in their individual and official capacities.

14. At all relevant times herein, Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

15. Within 90 days of accrual dates for these claims, Plaintiff timely filed a written notice of claim with the MTA and LIRR.

16. Over 30 days have elapsed since the filing of those notices, and this matter has not been settled or otherwise disposed of.

17. Plaintiff has complied with Public Authority defendants' request for an oral examination, pursuant to Section 50-H of the New York General Municipal Law or its equivalent set forth within the New York Public Authorities Law.

## FACTUAL CHARGES

18. On January 23, at approximately 7:40 a.m., plaintiff had just arrived to New York Pennsylvania Station, on his daily commute to work from his home in Nassau County, Long Island, New York, via transit upon the LIRR.

19. At all times herein mentioned, plaintiff was in possession of a lawfully purchased and valid LIRR Monthly train pass or ticket that he received via the LIRR's "mail and ride" program, with said ticket even bearing his full name on the front.

20. Upon plaintiff's arrival at Pennsylvania Station, instead of continuing his morning commute to work, plaintiff was illegally stopped, searched and seized, or ordered to be stopped, searched and seized by defendants, including Dillon Kelly, Brandon Schlosser, Marc Sezker, Vincent Russo, Jennifer Lusena, J. Falcetta, Joseph McGrann, Al Stielhler and Owen Monaghan.

21. Defendants, including Dillon Kelly, Brandon Schlosser, Marc Sezker, Vincent Russo, Jennifer Lusena, J. Falcetta, Joseph McGrann, Al Stielhler and Owen Monaghan, physically grabbed, or directed others to physically grab, plaintiff's clothing and person, thereby preventing him from continuing on to work.

22. Defendants, including Dillon Kelly, Brandon Schlosser, Marc Sezker, Vincent Russo, Jennifer Lusena and J. Falcetta, then demanded to inspect to plaintiff's monthly train pass, to which he immediately complied by providing his monthly pass.

23. Defendants, including Dillon Kelly, Brandon Schlosser, Marc Sezker, Vincent Russo, Jennifer Lusena and J. Falcetta, upon inspecting plaintiff's monthly train pass for a matter of seconds, informed plaintiff that his train pass was fraudulent.

24. Plaintiff informed defendants, including Dillon Kelly, Brandon Schlosser, Marc Sezker, Vincent Russo, Jennifer Lusena and J. Falcetta, that he had received his monthly train pass via the LIRR's "mail and ride" program, as he done for the past several years, with no incident.

25. Defendants, including Dillon Kelly, Brandon Schlosser, Marc Sezker, Vincent Russo, Jennifer Lusena and J. Falcetta, ignored plaintiff and proceeded to violently contort plaintiff's arms and wrists behind his back and affixed metal handcuffs to his wrists in an excessively tight fashion.

26. Defendants, including Dillon Kelly, Brandon Schlosser, Marc Sezker, Vincent Russo, Jennifer Lusena and J. Falcetta, then forcibly removed plaintiff against his will to holding cell within the MTAPD in Pennsylvania Station.

27. Defendants, including Dillon Kelly, Brandon Schlosser, Marc Sezker, Vincent Russo, Jennifer Lusena and J. Falcetta, then proceeded to conduct a thorough bodily search of plaintiff, which included the removal of plaintiff's shoes, belt and items within his pockets.

28. Defendants, including Dillon Kelly, Brandon Schlosser, Marc Sezker, Vincent Russo, Jennifer Lusena and J. Falcetta, the asked plaintiff about his mental state and miscellaneous background questions about himself.

29. A short time after being confined to the cell, Defendants, including Dillon Kelly, Brandon Schlosser, Marc Sezker, Vincent Russo, Jennifer Lusena and J. Falcetta, asked plaintiff where he had obtained his monthly train pass from.

30. Plaintiff, once again, stated that he had received it in the mail, via the LIRR's "mail and ride" program and that the ticket itself is imbued with information regarding his identity and account number, which would readily confirm that plaintiff is paying customer and innocent any alleged wrongdoing, upon even the most cursory investigation.

31. Defendants, including Dillon Kelly, Brandon Schlosser, Marc Sezker and Vincent Russo, replied only they were "looking into it," which was contradicted by their conspicuous inactivity.

32. A short time later, defendants, including Dillon Kelly, Brandon Schlosser, Marc Sezker and Vincent Russo, informed plaintiff that his ticket was "confirmed" as fraudulent or fake, despite their full knowledge that it was not.

33. Defendants, including Dillon Kelly, Brandon Schlosser, Marc Sezker and Vincent Russo, then proceeded to demonstrate exactly how plaintiff's ticket was fraudulent, while stating "real tickets aren't made like that."

34. Defendants, including Dillon Kelly, Brandon Schlosser, Marc Sezker, and Vincent Russo, then chastised plaintiff regarding the expensive nature of LIRR tickets.

35. Defendants, including Dillon Kelly, Brandon Schlosser, Marc Sezker and Vincent Russo, then attempted to coerce plaintiff to confess by offering to immediately release plaintiff with a Desk Appearance Ticket.

36. Defendants, including Dillon Kelly, Brandon Schlosser, Marc Sezker, Vincent Russo, Jennifer Lusena and J. Falcetta, further attempted to coerce plaintiff into offering a false confession by threatening to imprison him central booking "with one-hundred-and-fifty other guys, including rapists and murderers."

37. Plaintiff, again, replied that his ticket validly issued to him via the "mail and ride" program of the LIRR and that defendants should easily be able verify this information.

38. Sometime later, a MTAPD officer informed plaintiff that they had verified that the legitimacy of his ticket and his status as a mail and ride customer.

39. Plaintiff, however, was not released at that time.

40. Shortly before 11:00 a.m., plaintiff was finally released, when a MTAPD supervisory officer apologized to plaintiff, informed him of his imminent release and returned plaintiff's ticket to him.

41. Defendants, including Owen Monaghan, Joseph McGrann and Al Stiehler, were each employed by the MTAPD in supervisory positions at the time of plaintiff's arrest.

42. Defendants, including Owen Monaghan, Joseph McGrann and Al Stiehler, were each notified and informed of the circumstances of plaintiff's arrest almost immediately after it had occurred.

43. Defendants, including Owen Monaghan, Joseph McGrann and Al Stiehler, were each aware that there existed a substantial possibility, indeed a probability, that plaintiff had committed no wrongdoing and was being falsely arrested, due to many similar false arrests having been perpetrated by the MTAPD.

44. Defendants, including Owen Monaghan, Joseph McGrann and Al Stiehler, instead chose to do nothing, causing plaintiff to remain unlawfully incarcerated for a period of multiple hours.

45. Defendants, including Owen Monaghan, Joseph McGrann and Al Stiehler, directed their employee officers to arrest, detain and coerce plaintiff into offering a false confession, despite the presence of no credible evidence to believe plaintiff had committed any wrongdoing and an abundance of evidence to the contrary.

46. At all times relevant hereto, the Defendants, including Dillon Kelly, Brandon Schlosser, Marc Sezker, Vincent Russo, Jennifer Lusena, Charles Snyder, J. Falcetta, Joseph McGrann, Al

Stiehler and Owen Monaghan, were involved in the decision to arrest Plaintiff without probable cause, or failed to intervene when they observed others arresting Plaintiff without probable cause.

47. Defendants, MTA and LIRR, have engaged in a policy, custom, or pattern and practice of falsely accusing of duly ticketed passengers of fraud or criminal activity, despite said tickets being lawfully issued by themselves.

48. Defendants. MTA and LIRR, have also engaged in a policy, custom, or pattern and practice of illegally stopping and searching duly ticketed passengers without any justification or probable cause to do so, with only the unfounded hope that criminal activity or a fake ticket will be discovered due to said unlawful arrest.

49. Plaintiff asserts that the aforementioned unlawful acts committed by defendants are representative of a pervasive policy, custom or pattern and practice within the MTA, LIRR and MTAPD, as this is clearly a policy that was poorly implemented and carried out by supervisors or policymakers to prevent the proliferation and use of fraudulent or fake tickets.

50. Of significant note, is the irrefutable fact that defendants required approximately three (3) hours to verify the legitimacy of a ticket that they themselves issued and recovered in their own base of operations.

51. Plaintiff asserts that the defendants, including Dillon Kelly, Brandon Schlosser, Marc Sezker, Vincent Russo, Jennifer Lusena, Charles Snyder, J. Falcetta, Joseph McGrann, Al Stiehler and Owen Monaghan, who violated plaintiff's civil rights, are part of a larger pattern and practice of similar misconduct, which is so widespread, pervasive and consistent throughout the MTA, LIRR and MTAPD that the commission such constitutionally violative behavior has become tantamount to an official policy or custom within the MTA, LIRR, MTAPD or, at the

very least, conclusive evidence that the MTA, LIRR, MTAPD have either tacitly approved of such egregious wrongdoings or that they have become deliberately indifferent to the civil rights of those who may come into contact their police officers or other employees.

52. The individually named defendants herein, as well as other personnel or officers serving in the employ of the MTA, LIRR or MTAPD, have blatantly, shamelessly, consistently and repeatedly engaged in conduct violative of the civil rights guaranteed and protected by Constitution of the United States, in addition to the laws and Constitution of the State of New York, all without incurring any ramifications for such misconduct and, ostensibly, with the full and complete blessing of the MTA, LIRR, MTAPD and their respective policymakers and supervisors.

53. Upon information and belief, the MTA, LIRR, MTAPD and their respective policymakers, officials or supervisors have imposed, tacitly approved or acquiesced to policies, customs, or patterns and practices within the MTA, LIRR, MTAPD that resulted in plaintiff's arrest without probable cause.

54. Upon information and belief, the MTA, LIRR, MTAPD, and their respective policymakers or supervisors have failed to provide adequate training regarding the identification of probable cause, reasonable suspicion or the appropriate amount of force to be used.

55. Defendants' actions, pursuant to plaintiff's underlying arrest, which occurred without even the semblance of probable cause, were so blatantly violative of plaintiff's civil rights that the tacit approval of identical or similar acts by the policymakers or supervisors of the MTA, LIRR, MTAPD, as well as their deliberate indifference towards the rights of any individuals who may come into contact with defendants, should be inferred, because such flagrant deprivations of constitutionally protected rights could not and would not occur without the tacit approval or

deliberate indifference regarding the commission of such violations by the policymakers or supervisors of the MTA, LIRR, MTAPD.

56. Upon information and belief, further details and facts, relating to the unlawful policies, customs or patterns and practices of the MTA, LIRR, MTAPD and their respective policymakers, supervisors, police officers or employees, will become known after the completion of discovery, as such information is presently within the exclusive possession of defendants, the MTA, LIRR, MTAPD.

57. Upon information and belief, the personnel files, records and disciplinary histories of the officer defendants will reveal a history of Constitutional violations indicative of defendant MTA or LIRR's knowledge that the individually named defendants were unfit for employment as MTAPD officers or MTA or LIRR employees, or for employment in general, and that the probability of the individually named defendants committing similar violations in the future was extremely high.

58. Upon information and belief, said personnel files, records and disciplinary histories will conclusively show that the MTA, LIRR, MTAPD were fully aware of defendants' past constitutional violations, the unacceptably high probability for the recurrence of similar transgressions, the unreasonably dangerous situations that were likely to result from their hiring or retention, as well as their unsuitability for employment as law enforcement officers, or for employment in general, and that the MTA, LIRR, MTAPD failed to engage in any preventive or corrective action intended to diminish the likelihood of recurrence for such violations, which is tantamount to the MTA or LIRR's tacit approval of such misconduct or the their deliberate indifference towards the civil rights of those who may interact with its employees, including the individual defendants named herein.

59.     Upon information and belief, the MTA, LIRR, MTAPD and have failed, or outright refused, to correct the individually named defendants' predilections to engage in unconstitutional behavior or attempt to prevent the recurrence of such misconduct

60.     The aforementioned acts of defendants, including Dillon Kelly, Brandon Schlosser, Marc Sezker, Vincent Russo, Jennifer Lusena, J. Falcetta, Owen Monaghan, Joseph McGrann and Al Stiehler, directly or proximately resulted in the deprivation or violation of plaintiff's civil rights, as guaranteed and protected by the Fourth and Fourteenth Amendments to the United States Constitution, as well as the laws and Constitution of the State of New York.

61.     As direct or proximate results of said acts, plaintiff was caused to suffer the loss of his liberty, irreparable reputational harm, loss of earnings and potential earnings, physical injury, as well as severe and permanent emotional distress, including fear, embarrassment, humiliation, traumatization, frustration, extreme inconvenience, and anxiety.

**FIRST CAUSE OF ACTION**
Unlawful Search and Seizure Under
New York State Law

62.     The above paragraphs are here incorporated by reference as though fully set forth.

63.     Defendants subjected plaintiff and his property to unreasonable searches and seizures without a valid warrant and without reasonable suspicion or probable cause do so.

64.     Plaintiff was conscious and fully aware of the unreasonable searches and seizures to his person and property.

65.     Plaintiff did not consent to the unreasonable searches and seizures to his person or property.

66.     The unreasonable searches and seizures to plaintiff's person and property were not otherwise privileged.

67. Accordingly, defendants violated plaintiff's right to be free from unreasonable searches and seizures, pursuant to Article I, Section 12, of the New York State Constitution.

68. Defendants, MTA or LIRR, as employer of the individual Defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

69. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CAUSE OF ACTION
Unlawful Search and Seizure Under
42 U.S.C. § 1983 Against Individual Defendants

70. The above paragraphs are here incorporated by reference as though fully set forth.

71. Defendants subjected plaintiff and his property to unreasonable searches and seizures without a valid warrant and without reasonable suspicion or probable cause do so.

72. Plaintiff was conscious and fully aware of the unreasonable searches and seizures to his person and property.

73. Plaintiff did not consent to the unreasonable searches and seizures to his person or property.

74. The unreasonable searches and seizures to plaintiff's person and property were not otherwise privileged.

75. Accordingly, defendants violated plaintiff's right to be free from unreasonable searches and seizures, pursuant to the Fourth Amendment to the United States Constitution.

76. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CAUSE OF ACTION
False Arrest and False Imprisonment Under
New York State Law

77. The above paragraphs are here incorporated by reference as though fully set forth.

78. Defendants subjected Plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

79. Plaintiff was conscious of his confinement.

80. Plaintiff did not consent to his confinement.

81. Plaintiff's arrest and false imprisonment was not otherwise privileged.

82. Defendants, MTA or LIRR, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

83. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CAUSE OF ACTION
False Arrest and False Imprisonment Under
42 U.S.C. § 1983 Against Individual Defendants

84. The above paragraphs are here incorporated by reference as though fully set forth.

85. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

86. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

87. At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

88. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFITH CAUSE OF ACTION
Assault and Battery Under
New York State Law

89. The above paragraphs are here incorporated by reference as though fully set forth.

90. Defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful or offensive touching.

91. Defendants engaged in and subjected plaintiff to immediate harmful or offensive touching and battered him without his consent.

92. Defendants, MTA and LIRR, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

93. As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CAUSE OF ACTION
Excessive Force Under
42 U.S.C. § 1983 Against Individual Defendants

94. The above paragraphs are here incorporated by reference as though fully set forth.

95. The Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments, because they used unreasonable force without Plaintiff's consent.

96. Defendants engaged in and subjected Plaintiff to immediate harmful and/or offensive touching and battered him without his consent.

97. As a direct and proximate result of this breach, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CAUSE OF ACTION
Malicious Abuse of Process Under
New York State Law

98. The above paragraphs are here incorporated by reference as though fully set forth.

99. Defendants arrested, detained and caused a criminal prosecution to be initiated against plaintiff to compel the compliance or forbearance of some act.

100. Defendants had no excuse or justification to forcibly detain or initiate a prosecution against Plaintiff, especially with the absence of any cognizable probable cause.

101. Defendants intended to inflict substantial harm upon plaintiff.

102. Defendants acted to achieve a collateral purpose, beyond or in addition to plaintiff's criminal prosecution.

103. Defendants, MTA and LIRR, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

104. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

**EIGHTH CAUSE OF ACTION**
Malicious Abuse of Process Under
42 U.S.C. § 1983 Against Individual Defendants

105. The above paragraphs are here incorporated by reference as though fully set forth.

106. Defendants arrested, detained and caused a criminal prosecution to be initiated against plaintiff to compel the compliance or forbearance of some act.

107. Defendants had no excuse or justification to forcibly detain and initiate a prosecution against plaintiff, especially with the absence of any cognizable probable cause.

108. Defendants intended to inflict substantial harm upon plaintiff.

109. Defendants acted to achieve a collateral purpose, beyond or in addition to plaintiff's criminal prosecution.

110. Defendants' actions deprived plaintiff of his right to free from illegal searches and seizures, as well as his right not to be deprived of his liberty without the due process of law.

111.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## NINTH CAUSE OF ACTION
Failure to Intervene Under
New York State Law

112.    The above paragraphs are here incorporated by reference as though fully set forth herein.

113.    Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct, observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

114.    Defendants, MTA and LIRR, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

115.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## TENTH CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

116.    The above paragraphs are here incorporated by reference as though fully set forth herein.

117.    Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

118.    Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

119.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## ELEVENTH CAUSE OF ACTION
Negligent Hiring, Training, Retention and Supervision Under
New York State Law

120.     The above paragraphs are here incorporated by reference as though fully set forth.

121.     Defendants, MTA or LIRR, owed a duty of care to Plaintiff to adequately hire, train, retain and supervise its employee defendants.

122.     Defendants, MTA or LIRR, breached those duties of care.

123.     Defendants, MTA or LIRR, placed defendants in a position where they could inflict foreseeable harm.

124.     Defendants, MTA or LIRR, knew or should have known of its employee defendants' propensity for violating the individual rights granted under the United States Constitution and the laws of the State of New York, prior to the injuries incurred by Plaintiff.

125.     Defendants, MTA or LIRR, failed to take reasonable measures in hiring, training, retaining and supervising its employee defendants that would have prevented the aforesaid injuries to Plaintiff.

126.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## TWELFTH CAUSE OF ACTION
Public Authority "*Monell*" Liability Under
42 U.S.C. § 1983 Against Defendants MTA and LIRR

127.     The above paragraphs are here incorporated by reference as though fully set forth.

128.     Defendants, MTA or LIRR, maintained a policy or custom that caused Plaintiff to be deprived of his civil rights, tacitly approved of such violative conduct or was deliberately indifferent toward the potential exposure of individuals, such as plaintiff, to such violative behavior.

129. Defendants,' MTA's or LIRR's, employees or police officers have engaged in an illegal pattern and practice of misconduct, so consistent and widespread that it constitutes a custom or usage, of which a supervisor or policymaker must have been aware of.

130. Defendants, MTA or LIRR, and its policymakers failed to provide adequate training or supervision to their subordinates to such an extent that is tantamount to a deliberate indifference toward the rights of those who may come into contact with defendants,' MTA's or LIRR's employees.

131. Defendants,' MTA's or LIRR's, employees engaged in such egregious and flagrant violations of plaintiff's Constitutional rights that the need for enhanced training or supervision is obvious and equates to a display of deliberate indifference by defendants, MTA and LIRR, and their policymakers toward the rights of individuals, who may come into contact with their employees.

132. Defendants,' MTA's or LIRR's, repeated refusal or failure to install or apply corrective or preventive measures constitutes the tacit approval of such violative behavior or a deliberate indifference to the rights of those who may be affected by such behavior.

133. Defendants,' MTA's or LIRR's, conduct caused the violation of plaintiff's civil rights, pursuant to Constitution of the United States.

134. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

a) In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

b) Awarding Plaintiff punitive damages in an amount to be determined by a jury;

c) Awarding Plaintiff compensatory damages in an amount to be determined by a jury;

d) Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and the New York Civil Rights Law; and

**e)** Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: February 4, 2020

Respectfully submitted,

_S/ Samuel C. DePaola___
Samuel C. DePaola, Esq.
Bar Number: SD0622
Sim & DePaola, LLP
*Attorneys for Mr. Field*
4240 Bell Blvd - Ste 201
Bayside, NY 11361
T: (718) 281-0400
F: (718) 631-2700
sdepaola@simdepaola.com