USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL FIELD,

       Plaintiff,

   v.

METROPOLITAN TRANSPORTATION
AUTHORITY, *et al.*,

       Defendants.

No. 20-CV-928 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

  Plaintiff Daniel Field brought this action under 42 U.S.C. § 1983 against the Metropolitan Transportation Authority ("MTA"), the Long Island Rail Road Company ("LIRR") and ten police officers, detectives, train conductors, transportation managers, department chiefs or supervisors employed by the MTA or LIRR (collectively, "Defendants"), alleging unlawful search and seizure, false arrest, false imprisonment, and excessive force in violation of the Fourth and Fourteenth Amendments to the United States Constitution and New York State law. On May 8, 2020, pursuant to Rule 68 of the Federal Rules of Civil Procedure, Plaintiff accepted Defendants' offer of judgment. *See* Dkt. 19. The Court subsequently entered judgment against Defendants in the amount of $15,000.00, plus reasonable attorneys' fees and costs. *Id*. Now before the Court is Plaintiff's motion for attorneys' fees. For the following reasons, that motion is granted with modification.

## BACKGROUND

Plaintiff filed the Complaint in this action on February 4, 2020. According to the Complaint, upon his arrival at New York's Pennsylvania Station on the morning of January 23, 2019, Plaintiff was illegally stopped, searched, and detained by Defendants based on erroneous charges that he was using a fraudulent train pass. *See* Compl. ¶¶ 18-40.

The matter was resolved in approximately three months. On April 16, 2020, the parties submitted a joint letter requesting an adjournment of the initial pre-trial conference, and informing the Court that no discovery had taken place other than the deposition of Plaintiff pursuant to the New York Public Authority Law. Dkt. 14. Three weeks later, Plaintiff informed the Court that he had accepted Defendants' offer of judgment in the amount of $ 15,000, non-inclusive of costs and attorneys' fees. Dkt. 17. On May 8, 2020, the Court entered judgment "in the amount of $15,000.00, plus reasonable attorneys' fees and costs, to date of the Rule 68 Offer of Judgment." Dkt. 19.

On May 22, 2020 Plaintiff moved for an award of attorneys' fees and costs totaling $44,790.13. *See* Pl. Mem. at 13. Plaintiff's lead counsel attests that he submitted to Defendants a post-judgment invoice for legal fees in the amount of $39,487.50, based upon 82.50 hours of time expended on this case. *See id.* at 4. Defendants offered to pay counsel only $5,000, impelling Plaintiff to bring the instant motion. *Id.* Plaintiff maintains that the requested hourly rate of $375-500, as well as the hours expended on the matter—which include an additional 9.5 hours spent preparing the instant motion—are reasonable. *Id.* at 5-12. Defendants, without contesting Plaintiff's entitlement to legal fees, contend that the hourly rate and hours worked are unreasonable, and urge the Court to deny Plaintiff's application.

**DISCUSSION**

Pursuant to the Rule 68 Offer of Judgment, Plaintiff qualifies as the prevailing party in this § 1983 action. *See, e.g., Lilly v. City of New York*, 934 F.3d 222, 227 (2d Cir. 2019). He is therefore entitled to an award of "a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Neither party disputes Plaintiff's entitlement to fees.[1]

The Supreme Court has instructed courts to determine the initial fee award by multiplying a reasonable hourly rate by the reasonable hours expended. *See Lilly*, 934 F.3d at 229. "The party seeking fees bears 'the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.'" *Shabazz v. City of New York,* No. 14-cv-6417-GHW, 2015 WL 7779267, at *2 (S.D.N.Y. Dec. 2, 2015) (quoting *Savoie v. Merch. Bank*, 166 F.3d 456, 463 (2d Cir. 1999) (other internal quotation marks omitted)). "Requested fees must be supported with contemporaneous time records establishing for each attorney for whom fees are sought, the date on which work was performed, the hours expended, and the nature of the work done." *Abdell v. City of New York*, No. 05-CV-8453 (RJS), 2015 WL 898974, at *2 (S.D.N.Y. Mar. 2, 2015) (internal quotation marks omitted).

**I.     Hourly Rates**

District courts have "considerable discretion" to determine a reasonable hourly rate, considering the prevailing rates within the district in which the court sits. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008). "The reasonable hourly rate is the rate a paying client would be willing to pay." *Id.* Courts enjoy similar discretion to either "reduce an attorney's hourly rate" or "apply an across-the-board reduction to the hours billed or total fee award" in order to reconcile the requested fee

---

[1] Defendants also do not dispute Plaintiff's entitlement to $552.63 in costs. *See* Defs. Opp. at 7.

award with prevailing rates. *Lilly*, 934 F.3d at 235. To determine the reasonableness of the hourly rate, the Second Circuit has urged district courts to consider the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Decastro v. City of New York*, No. 16-CV-3850 (RA), 2017 WL 4386372, at *3 (S.D.N.Y. Sept. 30, 2017) (quoting *Arbor Hill*, 522 F.3d at 186 n.3).

### A.   Sang J. Sim

Plaintiff argues that Sang J. Sim, named partner at Plaintiff's counsel, Sim & DePaola, LLP, is entitled to a $500 hourly rate based on his training and experience, and because that is the "rate he charges in civil rights matters." Pl. Mem. at 9. Sim has more than twenty years of experience practicing law, and founded his own civil rights firm in 2003. *Id*. Defendants, citing a single case from 2017, contend that "the range of appropriate billing rates in this district is $300 - $350 per hour" for all attorneys. Defs. Opp. at 2 (citing *Wright v. City of New York*, 283 F. Supp. 3d 98 (S.D.N.Y. 2017)).

The Court finds that the proposed hourly rate of $500 is reasonable for Sim, who avers that his firm routinely bills at that rate for work he performs in civil rights matters, *see* Declaration of Sang J. Sim ¶ 8, Dkt. 21 ("Sim Decl."). Courts within the Southern District of New York have awarded experienced civil rights attorneys "rates in the range of $400-500 per hour" for "single plaintiff civil rights cases" like this one. *Torres v. City of New York*, No. 18-CV-03644 (LGS) (KHP), 2020 WL 6561599, at *5 (S.D.N.Y. June 3, 2020), report and recommendation adopted, No. 18 CIV. 3644 (LGS), 2020 WL 4883807 (S.D.N.Y. Aug. 20, 2020). Considering the range of

awards granted in similar cases within the District, the Court finds that an hourly rate of $500 is appropriate for an attorney of Sim's substantial experience.

      **B.**      **Samuel DePaola**

Plaintiff maintains that Samuel DePaola, the other named partner at Sim & DePaola, LLP and lead counsel on this matter, is entitled to an hourly rate of $475, the rate the firm customarily charges for his work in civil rights matters, *see* Sim Decl. ¶ 9.  DePaola has been admitted to practice law for nine years.  He has four years of experience as an Assistant District Attorney in Kings County and five years practicing civil rights cases in partnership with Sim.  *See* Pl. Mem. at 9.  DePaola's role within his firm and on this matter entitles him to a rate within the range awarded to experienced trial attorneys.  His comparatively limited experience, however, counsels against awarding him a rate at the higher end of that range.  The Court concludes that an hourly rate of $400 is reasonable for DePaola.  *See, e.g., Cocuzza v. Rockland Cty.,* No. 17-cv-8217 (KMK) (PED), 2019 WL 6498915, at *4-5 (S.D.N.Y. Nov. 7, 2019) (finding $400 per hour reasonable for civil rights attorney with more than ten years of experience).

      **C.**      **Markus Wilson**

Plaintiff requests that Markus Wilson, senior associate at the firm, be awarded $375 per hour based on his training and experience.  Wilson has eight years of experience litigating civil rights matters at the firm, and previously served for an undisclosed amount of time as an Assistant District Attorney in the Bronx.  Pl. Mem. at 10.  This Court, however, will follow the lead of other judges within this District who have found that $300 is an appropriate hourly rate for a senior associate with at least eight years of experience.  *See, e.g., Thor 725 8th Ave. LLC v. Goonetilleke*, No. 14-CV-4968 (PAE), 2015 WL 8784211, at *11 (S.D.N.Y. Dec. 15, 2015); *Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5, 28 (S.D.N.Y. 2015); *see also Decastro v. City of New York*,

No. 16-CV-3850 (RA), 2017 WL 4386372, at *3 (S.D.N.Y. Sept. 30, 2017).  Accordingly, the Court finds that an hourly rate of $300 is reasonable for Wilson's services in this matter.

**II.     Hours Worked**

Plaintiff seeks attorneys' fees for a total of 82.50 hours worked on the underlying litigation. *See* Pl. Mem. at 4.  Defendants urge the Court to reject that calculation because "many of the tasks for which he has billed are unreasonable, duplicative, or excessive," and the "[h]ours asserted as spent on certain tasks are beyond reasonable explanation."  Defs. Opp. at 3-4.  While the Court recognizes the social value in the vindication of the core constitutional rights implicated in this litigation, and the significant work required to redress their violation through the courts, it finds that the expenditures here were somewhat excessive.

"A plaintiff is only to be compensated for 'hours reasonably expended on the litigation,' and not for hours 'that are excessive, redundant, or otherwise unnecessary.'"  *Charles v. City of New York*, No. 13-CV-3547 (PAE), 2014 WL 4384155, at *5 (S.D.N.Y. Sept. 4, 2014) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 433-34 (1983)).  Upon finding a surplusage of hours, "the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application."  *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (internal quotation marks omitted).  In determining whether to exclude requested hours, the relevant issue is "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures."  *Grant v. Martinez,* 973 F.2d 96, 99 (2d Cir. 1992).

The Court finds that some of the hours invoiced by Plaintiff are unwarranted in light of the fact that this case settled within three months of filing and involved no substantive motions or conferences.  Counsel conducted no discovery other than defending Plaintiff's deposition, which

lasted less than one hour. *See* Dkt. 25. Plaintiff's invoice, while sufficiently detailed, contains some excessive time entries. For example, counsel billed 3.5 hours for attending and summarizing a 50H hearing that lasted less than one hour. *See* Sim Decl, Ex. D at 1, Dkt. 21-4. In his motion, Plaintiff does not adequately justify the hours billed, stating only that counsel maintained its time sheet contemporaneously with the work that was performed in this case and that Plaintiff's "discerning and inquisitive" nature required that counsel devote additional attention to detail. *See* Pl. Reply at 1-2. Neither explanation persuades the court that 82.5 hours was a reasonable expenditure of time in this matter.

The Court finds that a 30% reduction of Plaintiff's proposed hours is proper. "Fee reductions around 30% are . . . common in this District to reflect considerations of whether work performed was necessary, leanly staffed, or properly billed." *Beastie Boys v. Monster Energy Co.*, 112 F. Supp. 3d 31, 57 (S.D.N.Y. 2015) (citing cases). The Court will thus calculate the award of attorneys' fees based on 57.75 hours.

### III.   Fees on Fees

Lastly, the Court declines to award Plaintiff the legal fees associated with bringing this motion. Where a Rule 68 offer of judgment contains "express terms . . . [that] limit the fees recoverable to those incurred to the date of the offer," a District Court lacks the authority to award fees based on hours expended on a fee application. *Lilly*, 934 F.3d at 227, 235-38. Here, the Judgment entered by this Court expressly entitles Plaintiff only to "reasonable attorney's fees and costs[] *to date of the Rule 68 Offer of Judgment.*" Dkt. 19 (emphasis added).

### CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorney's fees and costs is granted, subject to the modifications discussed above.

|                | Hourly Rate | Hours  | Total       |
|----------------|-------------|--------|-------------|
| Sang J. Sim    | $500        | 21.7   | $10,850     |
| Samuel DePaola | $400        | 32.725 | $13,090     |
| Markus Wilson  | $300        | 3.325  | $975        |
| Costs          | —           | —      | $552.63     |
|                |             | 57.75  | **$25,467.63** |

The Clerk of Court is respectfully directed to terminate the motion pending at docket entry 20.

SO ORDERED.

Dated:  January 4, 2021
        New York, New York

_____
Ronnie Abrams
United States District Judge